IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

    Plaintiff,                    No. CIV S-10-1265 DAD P

    vs.

ERIK MANESS,

    Defendant.                 ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has two motions pending before the court.

**PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

        First, on June 18, 2010, plaintiff filed an application to proceed in forma pauperis. The federal in forma pauperis statute includes a limitation on the number of times a prisoner may proceed in forma pauperis. See 28 U.S.C. § 1915(g). Also known as the "three strikes" rule, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

/////

1

1 | be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, the court has reviewed its own records and has determined that plaintiff has had at least three previous actions dismissed for failure to state a claim: (1) <u>Dean v. Sullivan</u>, 2:98-0717 LKK DAD P; (2) <u>Dean v. Melching, et al.</u>, 1:00-5522 AWI DLB P; and (3) <u>Dean v. Cavagnaro, et al.</u>, 1:09-0852 SMS P.[1] Moreover, and most recently, in <u>Dean v. Street, et al.</u>, No. CIV S-10-0672 MCE GGH P plaintiff was specifically barred from proceeding in forma pauperis under the three-strikes provision of 28 U.S.C. § 1915(g). (<u>See</u> Case No. CIV S-10-0672 MCE GGH P, Doc. No. 15.) Thus, pursuant to § 1915(g), plaintiff is precluded from proceeding in forma pauperis in this case unless he demonstrates that he is under "imminent danger of serious physical harm."

After a careful review of plaintiff's pleadings, the court concludes that plaintiff has not established that he is under imminent danger of serious physical harm. <u>See e.g.</u>, <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005). In his original complaint, plaintiff appears to allege an Eighth Amendment inadequate medical care claim that arose from events occurring between December 20, 2007 and April 19, 2009. (Compl. at 2.) There is no indication in the complaint that plaintiff suffered any physical harm thereafter. Also, in his amended complaint, plaintiff merely appears to allege that prison officials are delaying the processing of his paperwork. (Am. Compl. at 11.) Accordingly, because plaintiff has not established that he is under imminent danger of serious physical harm, he is barred under § 1915(g) from proceeding in forma pauperis in this case.

**PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

Second, on July 8, 2010, plaintiff filed a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel

---

[1] A court may take judicial notice of court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9 th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, however, the district court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances that are common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances and will therefore deny plaintiff's request for the appointment of counsel.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 18, 2010 application to proceed in forma pauperis (Doc. No. 7) is denied as barred by 28 U.S.C. § 1915(g).  Within thirty days of the date of this order, plaintiff shall pay the $350.00 filing fee for this action.  Failure to do so will result in the dismissal of this case.

2. Plaintiff's July 8, 2010 motion for the appointment of counsel (Doc. No. 8) is denied.

DATED: July 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
dean1265.3B+31

3